UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|                          |   |                          |
|--------------------------|---|--------------------------|
| UNITED STATES OF AMERICA | ) |                          |
|                          | ) |                          |
| v.                       | ) | No. 1:04-cr-044 **-02**  |
|                          | ) | *Edgar*                  |
| JARRETT DUNN             | ) |                          |
|                          | ) |                          |

**MEMORANDUM**

Before the Court is defendant's *pro se* motion for a new trial [Doc. No. 149] wherein defendant asserts that he is entitled to a new trial "on the grounds of my Attorney-ineffective assistance of counsel, lack of proformance, (sic) lack of professionalism, along with his lack of effort to represent me to the best of his ability."

After a trial the defendant was convicted by a jury on January 20, 2005, of a conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base; a conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine hydrochloride; and possession with intent to distribute more than five grams of cocaine base. Defendant's new trial motion was filed on March 31, 2005. It was, therefore untimely under FED. R. CRIM P. 33, and must for that reason alone be **DENIED**.

Defendant's motion is also deficient on the merits. He is apparently asserting what amounts to a claim for ineffective assistance of counsel. This genre of claim is one that should generally be raised only in a post-conviction action pursuant to 28 U.S.C. § 2255. *United States v. Wunder*, 919 F. 2d 34, 37 (6th Cir. 1990). Moreover, defendant does not assert anywhere in his

-1-

motion a basis for his conclusory assertion that his counsel was ineffective. This Court, having presided over the trial and all other aspects of this case certainly cannot conclude that counsel, a respected and competent member of the bar, exhibited either deficient performance, or any performance whatsoever, deficient or otherwise, that prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In short, this court has been apprised of nothing that warrants a new trial for the defendant. An order will enter denying the defendant's motion for a new trial.

                                 */s/ R. Allan Edgar*
                                 R. ALLAN EDGAR
                         CHIEF UNITED STATES DISTRICT JUDGE